**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4379**

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

        v.

CESAR ALVAREZ-VALDOVINOS,

                Defendant – Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  N. Carlton Tilley, Jr., Senior District Judge.  (1:07-cr-00378-NCT-4)

Submitted:  June 18, 2010                Decided:  July 6, 2010

Before GREGORY and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Todd A. Smith, LAW FIRM OF TODD A. SMITH, Graham, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cesar Alvarez-Valdovinos pled guilty, pursuant to a written plea agreement, to one count of possession with the intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (2006). The district court calculated Alvarez-Valdovinos' Guidelines range at 87 to 108 months' imprisonment, see U.S. Sentencing Guidelines Manual (2007), and sentenced Alvarez-Valdovinos to 87 months' imprisonment. Alvarez-Valdovinos now appeals. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the 87-month sentence is reasonable. Alvarez-Valdovinos has filed a pro se supplemental brief. We affirm.

We review the reasonableness of Alvarez-Valdovinos' 87-month sentence, under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 41 (2007). In conducting this review, we "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Id. at 51. "When rendering a sentence, the district court must make an individualized

2

assessment based on the facts presented," United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks and emphasis omitted), and must "adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing," Gall, 552 U.S. at 50. "When imposing a sentence within the Guidelines, however, the [district court's] explanation need not be elaborate or lengthy because [G]uidelines sentences themselves are in many ways tailored to the individual and reflect approximately two decades of close attention to federal sentencing policy." United States v. Hernandez, 603 F.3d 267, 271 (4th Cir. 2010) (internal quotation marks omitted).

Once we have determined that the sentence is free of procedural error, we consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Gall, 552 U.S. at 51. If the sentence is within the appropriate Guidelines range, this court applies a presumption on appeal that the sentence is reasonable. United States v. Abu Ali, 528 F.3d 210, 261 (4th Cir. 2008).

In this case, the district court correctly calculated the advisory Guidelines range and heard argument from counsel and allocution from Alvarez-Valdovinos. Even assuming the court committed procedural error in failing to provide an individualized assessment of Alvarez-Valdovinos' case, we

conclude that any such omission did not affect Alvarez-Valdovinos' substantial rights. See United States v. Lynn, 592 F.3d 572, 580 (4th Cir. 2010). Furthermore, neither counsel nor Alvarez-Valdovinos offers any grounds to rebut the appellate presumption of reasonableness afforded the within-Guidelines sentence. Accordingly, we conclude that the district court did not abuse its discretion in sentencing Alvarez-Valdovinos.

We have also conducted a careful review of the issues raised by Alvarez-Valdovinos in his pro se supplemental brief and conclude that no meritorious issues are presented. Finally, in accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for review. Because Alvarez-Valdovinos did not move in the district court to withdraw his guilty plea, his challenge to the adequacy of the Fed. R. Crim. P. 11 hearing is reviewed for plain error. See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). Our review of the transcript of the plea hearing leads us to conclude that the district court substantially complied with the mandates of Rule 11 in accepting Alvarez-Valdovinos' guilty plea and that the court's omissions did not affect Alvarez-Valdovinos' substantial rights. Critically, the transcript reveals that the district court ensured the plea was supported by an independent factual basis and that Alvarez-Valdovinos entered the plea knowingly and voluntarily with an understanding

4

of the consequences.  See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991).  Accordingly, we discern no plain error.

We therefore affirm the district court's judgment and deny Alvarez-Valdovinos' motion to withdraw counsel.  This court requires that counsel inform Alvarez-Valdovinos, in writing, of the right to petition the Supreme Court of the United States for further review.  If Alvarez-Valdovinos requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Alvarez-Valdovinos.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED